## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FMGI, INC.**                                                   **CIVIL ACTION**

**VERSUS**                                                       **NO. 25-1234**

**SOUTH LA CONTRACTORS, LLC,**                        **SECTION: "D" (2)**
**ET AL.**

### ORDER AND REASONS

Before the Court is a Motion for Default Judgment, filed by Applicant FMGI, Inc. ("FMGI").[1] The Motion is unopposed. After careful consideration of FMGI's memorandum, the record, and the applicable law, the Court **GRANTS** the Motion.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from a Subcontract Agreement (the "Subcontract Agreement") to perform work pertaining to the construction of sitework and drainage scopes of work at a Floor and Décor store located in Baton Rouge, Louisiana.[2] FMGI is a corporation organized under the laws of the state of Georgia and has its principal place of business in Georgia.[3] Respondent South LA Contractors, LLC ("SLC") is a Louisiana liability company comprised of a sole member, Respondent Bradford James Melancon ("Melancon"), who is a Louisiana citizen.[4]

On August 26, 2021, FMGI and SLC entered into the Subcontract Agreement to perform sitework and drainage scopes of work at the Floor and Décor Store in Baton Rouge, Louisiana.[5] Section 24.2 of the Subcontract Agreement provides as

---

[1] R. Doc. 17.
[2] R. Doc. 1 at p. 2.
[3] *Id.* at p. 1.
[4] *Id.*
[5] R. Doc. 1-2 at p. 1.

follows:

> ### ***Dispute Resolution of Claims between Contractor and Subcontractor.***
>
> ***Meeting Prior to Arbitration.*** If a dispute arises concerning the construction or interpretation of this Agreement, the meaning of this Agreement, a breach of this Agreement, enforcement of a lien filed by Subcontractor, or any other matter touching on or affecting this Agreement, the Parties shall ~~meet at Contractor's principal place of business or~~ conduct a conference by telephone concerning the disputed issues in an attempt to resolve the dispute. If, after reasonable notice or a written request to participate in such meeting or telephone conference, the Subcontractor indicates its unwillingness to do this obligation shall be waived and Contractor may immediately commence arbitration.[6]
>
> ***~~Arbitration by Henning arbitration and Mediation Services.~~*** ~~If the Parties are unable to resolve the dispute among them during the meeting or telephone conference as described in Section 24.2.1, the dispute shall be submitted to binding arbitration by the Henning Mediation and Arbitration Service, Inc. ("Henning") located in Atlanta, Georgia, under that organization's then current arbitration rules applicable to construction disputes. If Henning does not have construction rules specific to construction disputes, the matter shall be resolved under its general arbitration rules. That arbitration will be held at Contractor's offices in Woodstock, Georgia (See Page 1 of this document for the address of those offices).~~ Neutral arbitrator in local of project site.[7]

On or about December 29, 2021, SLC filed a Construction Arbitration Rules Demand for Arbitration with the American Arbitration Association ("AAA") setting forth allegations that it was due additional compensation arising out of extra work completed and damages for wrongful termination.[8] Gilbert Camarena, Manager of ADR Services at the AAA, confirmed receipt of SLC's demand on January 3, 2022.[9]

---

[6] R. Doc. 1-1 at p. 20, *Section 24.2.1 of the Subcontract Agreement*; R. Doc. 1-1 at p. 57.
[7] R. Doc. 1-1 at pp. 20–21, *Section 24.2.2 of the Subcontract Agreement*; R. Doc. 1-1 at pp. 57–58.
[8] R. Doc. 1 at p. 2; *see* R. Doc. 1-3 at pp. 11–12.
[9] R. Doc. 1-3 at pp. 11–12.

Camarena, however, advised that the arbitration clause in the Subcontract Agreement "does not specify that the American Arbitration Association ("AAA") will administer the arbitration. As result [sic], the AAA cannot proceed further without a court order or the consent of the parties. Therefore, I will need to obtain the parties' agreement to have the AAA administer the arbitration."[10]

On January 6, 2022, Lionel Postic, counsel for FMGI, advised Camarena as follows, in pertinent part:

> Prior to committing to the arbitration being administered by the AAA, I have been asked to confirm the following information:
>
> 1. The AAA Rules that will apply to the arbitration are the current version of the Construction Industry Arbitration Rules.
>
> 2. The arbitration will be conducted by a single arbitrator.
>
> 3. To the maximum extent possible, conferences and hearings will be conducted via Zoom while Covid is surging.
>
> 4. If necessary, the final arbitration hearing will be conducted via Zoom.
>
> 5. Claimant will allow me to represent FMGI (and, if necessary, the Owner—see Paragraph 8, below) during the arbitration process and hearing even though I am not admitted to the Bar is Louisiana.
>
> 6. The cost of the arbitrator will be shared equally by the Claimant and FMGI.
>
> 7. Any litigation against the Owner will be stayed while the arbitration is pending.
>
> 8. If the Owner wants any claims that the Claimant has against the Owner, the Claimant will agree those claims will be resolved as part of the arbitration.[11]

---

[10] *Id*. at p. 11.
[11] *Id*. at p. 8.

In response, on January 11, 2022, Jason Bonaventure, counsel for SLC, sent a reply

email to Mr. Postic, copying Mr. Camarena of AAA, advising that:

> I have discussed the conditions sent by Mr. Postic with my client.
> We are amenable to all as stated, with the exception of number 4,
> 7 and 8.
>
> 4. I think we already covered and are in agreement. Unless there
> is some mandate that prevents an in-person final arbitration, the
> arbitration should be conducted in-person.
>
> 7 & 8. We will agree to stay the proceedings and will even hold off
> filing a petition unless the matter is still not resolved within
> eleven (11) months of the prescriptive period under the Louisiana
> Private Works Act, which is currently one year after the filing the
> Statement of Claim or Privilege (filed 1/3/22). It is my client's
> desire to have this matter resolved between FMGI and itself well
> prior to this event.
>
> We have not had any communication with the Owner since the
> filing of the lien, although the lien was received by their agent in
> Louisiana on 1/6/22. So, we are unaware of the owner's intent at
> this time and would rather not speculate. Since we agree to hold
> off on filing a petition to enforce the lien claims, there is no reason
> for the owner's involvement provided arbitration is concluded
> before the running of the prescriptive period. The decision
> rendered by the arbitrator will be final and can be entered as an
> enforceable judgment in state or federal court. IF [sic] FMGI is
> successful, the lien itself will be unenforceable. Allowing the
> owner to arbitrate a defense to the 'potential' enforcement of a
> lien would only muddy the waters.
>
> If Mr. Postic is in agreement, I believe the parties are ready to
> move forward with AAA.[12]

Thereafter, Postic advised Camarena that "FMGI is agreeable to have the AAA

administer this arbitration[,]" and arbitration proceedings took place from October

14, 2024 through October 16, 2024 at the law office of Simon, Peragine, Smith &

---

[12] *Id.* at p. 3.

Redfearn, LLP in New Orleans, Louisiana.[13] On December 20, 2024, Arbitrator H. Bruce Shreves awarded FMGI $1,079,383 in total fees plus interest on the unpaid award at the Prime Interest Rate Published in the Wall Street Journal, pursuant to Section 24.2 of the Subcontract Agreement (the "Award").[14] On January 9, 2025, SLC filed a Motion to Amend the Arbitration Award, which the Arbitrator denied on January 29, 2025.[15] Over one month later, on March 6, 2025, Brad Melancon filed an Affidavit to Dissolve Limited Liability Company pursuant to La. R.S. § 12:1335.1.[16]

FMGI filed an Application to Confirm Arbitration Award in this Court on June 17, 2025.[17] FMGI asks the Court to "enter a Final Judgment confirming the December 20, 2024 Reasoned Award in AAA Case No. 01-21-0018-1725 against both SLC and Melancon."[18] Both SLC and Melancon were served by the United States Marshal's Service on July 17, 2025 in Lafayette, Louisiana.[19] Thereafter, on August 25, 2025, the Court issued an Order to Show Cause ordering FMGI, absent an appearance by Defendants SLC and Melancon, to show cause as to why those defendants should not be dismissed for plaintiff's failure to prosecute.[20] On September 4, 2025, FMGI filed a Motion for Entry of Default against SLC and Melancon,[21] in which the Clerk granted the Motion and entered default against both Respondents.[22]

---

[13] R. Doc. 1-1 at p. 1; R. Doc. 1-4 at p. 1.
[14] R. Doc. 1 at p. 3; R. Doc. 1-1 at pp. 10–11.
[15] R. Doc. 1-5.
[16] R. Doc. 1-6 at pp. 8–9.
[17] R. Doc. 1.
[18] *Id.* at p. 6.
[19] R. Doc. 7; R. Doc. 8.
[20] R. Doc. 9.
[21] R. Doc. 10.
[22] R. Doc. 12.

FMGI filed the instant Motion for Default Judgment on September 25, 2025.[23] FMGI specifically avers that it has followed a two-step process for obtaining a default judgment.[24] According to FMGI, it "has already completed the first step, with the Clerk of Court entering defaults against both Respondents on September 4, 2025 (R. Docs. 12, 12-1). Nonetheless, Respondents have still failed to file responsive pleadings or otherwise appear and defend against FMGI's Application."[25] As it pertains to the second-step, FMGI contends:

> In this case, the Award was issued on December 20, 2024 in New Orleans, Louisiana. FMGI timely filed its Application with this Court on June 17, 2025. No party has sought to vacate the Award, there is no basis to vacate or modify the Award, and the three-month delay for moving to vacate the Award has long expired. Although the Award is for a sum certain, FMGI is requesting that the Court (rather than the Clerk of Court) enter default judgment and confirm the Award. Should the Court deem an evidentiary hearing necessary, FMGI will be prepared to present evidence of the Arbitrator's entry of the Award and as otherwise required by the Court in connection with the entry of default judgment against Respondents.[26]

Thus, FMGI requests that the Court enter default judgments against SLC and Melancon, along with a final judgment confirming the Award.[27] As of the date of this Order and Reasons, SLC and Melancon have failed to make an appearance in the above-captioned matter.

---

[23] R. Doc. 17.
[24] R. Doc. 17-1 at p. 4.
[25] *Id.*
[26] *Id.* at p. 5.
[27] *Id.*

## II.    LEGAL STANDARD

### A. Federal Arbitration Act

The Federal Arbitration Act ("FAA")[28] "provides for expedited judicial review to confirm, vacate, or modify arbitration awards."[29] 9 U.S.C. § 9 specifically provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.
>
> Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[30]

"The FAA reflects a national policy favoring arbitration."[31] Considering this strong policy, "'judicial review of an arbitration award is extraordinarily narrow.'"[32] "Under the FAA, the court 'must' confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11."[33]

---

[28] 9 U.S.C. § 1, *et seq.*

[29] *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008).

[30] 9 U.S.C. § 9.

[31] *Cooper v. WestEnd Capital Management, L.L.C.*, 832 F.3d 534, 543 (5th Cir. 2016)(citing *Hall Street Associates, L.L.C.*, 552 U.S. at 581),

[32] *Id.* (quoting *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471–72 (5th Cir. 2012)).

[33] *Id.* (quoting *Hall Street Associates, L.L.C.*, 552 U.S. at 582). An award may be vacated "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality

### B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the process in which a party may seek judgment due to the default of an opposing party. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."[34] "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."[35] Accordingly, a default judgment is appropriate only when "the adversary process has been halted because of an essentially unresponsive party."[36]

A plaintiff seeking default judgment must proceed through two steps: (1) the plaintiff must petition the clerk of court for an entry of default and (2) if the plaintiff's claim is not for a sum certain, then the plaintiff "must apply to the court for a default judgment."[37] In order for the clerk of court to enter a default against a defendant pursuant to Rule 55(a), the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."[38] Beyond that requirement, however, the entry of default is largely mechanical. Upon the clerk's entry of default, the defendant is deemed to have admitted the plaintiff's well-pleaded factual

---

or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10.

[34] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).

[35] *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

[36] *Sun Bank*, 874 F.2d at 276 (quoting *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

[37] Fed. R. Civ. P. 55(b)(2).

[38] Fed. R. Civ. P. 55(a).

allegations.[39]

After the entry of default, "the Court *may* enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period."[40]  Where a plaintiff is not seeking a sum certain and therefore must apply to the court for a default judgment, "[t]he disposition of a motion for the entry of a default judgment ultimately rests within the sound discretion of the court."[41]  A court may enter a default judgment only if the plaintiff has stated a cognizable legal claim supported by well-pleaded factual allegations, which the court accepts as true.[42]

### C. Summary Judgment

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43]  A dispute is "genuine" if it is "real and substantial, as opposed to merely formal, pretended, or a sham."[44]  Further, a fact is "material" if it "might affect the outcome of the suit under the governing law."[45]  When assessing whether a genuine dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from

---

[39] *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[40] *Granite State Ins. Co. v. Delta Marine Env't, LLC*, No. CV 18-3571, 2018 WL 6067552, at *1 (E.D. La. Nov. 20, 2018) (Africk, J.) (citing Fed. R. Civ. P. 55(b)) (emphasis added).

[41] *Id.* at *2 (citing *Mason*, 562 F.2d at 345).

[42] *See Nishimatsu*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered."); *Lewis*, 236 F.3d at 767.

[43] FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

[44] *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citing *Wilkinson v. Powell*, 149 F.2d 335, 337 (5th Cir. 1945)).

[45] *Anderson*, 477 U.S. at 248.

making credibility determinations or weighing the evidence."[46]  While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or "only a scintilla of evidence."[47]  Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[48]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[49]  The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[50]  If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[51]  The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there

---

[46] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citations omitted).
[47] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotations omitted).
[48] *Id.* at 399 (citing *Anderson*, 477 U.S. at 248).
[49] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991).
[50] *Id.* at 1265.
[51] *See Celotex*, 477 U.S. at 322-23.

is a genuine issue for trial.'"[52]

### D. Unopposed Summary Judgment

Pursuant to the Eastern District of Louisiana's Local Civil Rule 7.5, a party opposing a motion "must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."[53] "In the Fifth Circuit, a district court may not grant a 'default' summary judgment on the ground that it is unopposed."[54] As explained by the Fifth Circuit, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."[55] Rather, "[i]f the moving party fails to meet its burden, the Court must deny its motion for summary judgment."[56] And "[i]n determining whether the movant has met its burden, the Court may accept the movant's evidence as undisputed."[57]

### III.    ANALYSIS

As always, the Court must first assure itself of jurisdiction to hear this matter. The FAA's "authorization of a petition does not itself create jurisdiction. Rather, the federal court must have . . . an 'independent jurisdictional basis' to resolve the

---

[52] *Id*. at 324 (quoting FED. R. CIV. P. 56(e)).
[53] Local Rule. 7.5.
[54] *Hughes v. Uber Technologies, Inc.*, CIVIL ACTION NO. 23-1775, 2023 WL 8557583, at *2 (E.D. La. Dec. 11, 2023)(Vance, J.)(citing *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases); *see also Aptim Environmental & Infrastructure, LLC v. Allco, LLC*, CIVIL ACTION NO. 23-2587, 2024 WL 1855004, at *3 (E.D. La. Apr. 29, 2024)(Lemelle, J.)(citing *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001)("If a contradictory motion is unopposed, a district court may not grant it automatically, but may grant it if the motion has merit.")).
[55] *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)(citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir.1985)).
[56] *Hughes*, 2023 WL 8557583, at *2 (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995)).
[57] *Id*. (citing *Morgan*, 114 F.Supp. 3d at 437).

matter."[58] "Accordingly, an applicant seeking, for example, to vacate an arbitral award under Section 10 of the FAA must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum."[59] To that end, FMGI alleges that diversity jurisdiction exists under 28 U.S.C. § 1332, as all parties are diverse and the amount in controversy exceeds $75,000.[60] The Court agrees.[61] Turning to venue, the Award was issued in the Eastern District of Louisiana, as the arbitration hearings took place at the offices of Simon, Peragine, Smith & Redfearn, L.L.P. in New Orleans, Louisiana before Arbitrator H. Bruce Shreves.[62] Thus, venue is proper in this Court to enter judgment upon the Award pursuant to 9 U.S.C. § 9.[63]

Having determined that jurisdiction and venue are proper in the above-captioned matter, the Court next addresses whether the Award is binding upon the parties. FMGI seeks an entry of a default judgment against Defendants SLC and Melancon, along with a judgment enforcing the Award. As a threshold issue, the Court first determines the appropriate review of the arbitration reward. The FAA provides that an application for confirmation of an arbitrator's award "shall be made and heard in the manner provided by law for the making and hearing of motions[.]"[64]

---

[58] *Badgerow v. Walters*, 596 U.S. 1, 4 (2022)(quoting *Hall Street Associates, L. L. C.*, 552 U.S. at 582).
[59] *Ascension Data & Analytics, L.L.C. v. Pairprep, Incorporated*, 105 F.4th 749, 753 (5th Cir. 2024)(citation modified).
[60] R. Doc. 1 at pp. 1–2. Insofar as FMGI asserts that the FAA provides that "[t]his Court has jurisdiction over this action pursuant to the Federal Arbitration Act," that is incorrect. *See Badgerow*, 596 U.S. at 4; *see also Ascension Data & Analytics, L.L.C.*, 105 F.4th at 752–53.
[61] FMGI is a Georgia corporation with its principal place of business in Georgia. R. Doc. 1 at p. 1. SLC is a limited liability company compromised Melancon as its sole member, who is domiciled in Louisiana. *Id.* Further, the amount in controversy exceeds $75,000 as the Award is for at least $1,079, 383. R. Doc. 1-1 at p. 1. Thus, the Court is satisfied that diversity jurisdiction exists.
[62] R. Doc. 1-1 at p. 1.
[63] The June 17, 2025 Application is also timely, as it is brought within one year after the Award was rendered on December 20, 2024. *See* 9 U.S.C. § 9.
[64] 9 U.S.C. § 6.

In light of this provision, district courts within the Fifth Circuit are split on whether to apply a default judgment standard in the context of enforcement of arbitration awards.[65] Another Section of this Court has faced this precise question, in which that court advised:

> Despite concerns that Rule 55 does not operate well in the context of a motion to confirm or vacate an arbitration award, other courts continue to use the default judgment standard in an arbitration application. Without resolving the somewhat academic conflict, and in the interest of completeness, we also consider plaintiffs' request for award confirmation from the more strenuous standard of a motion for summary judgment.[66]

This Court, too, agrees with the above analysis and considers FMGI's Motion for Default Judgment under the standard for an unopposed motion for summary judgment, in addition to the default judgment standard. The Court first analyzes whether FMGI has satisfied the statutory prerequisites enumerated in the FAA. The Court then analyzes whether FMGI has met its burden under a default judgment and unopposed motion for summary judgment standard. Lastly, the Court determines whether Melancon is personally liable for any judgment issued against SLC. For the reasons set forth below, the Court confirms the Award against SLC and finds that Melancon is personally liable for the Award under Louisiana law.

---

[65] *Compare Carter & Carter Construction LLC v. Masram Mechanical LP*, Civil Action No. 3:25-cv-00517-X, 2025 WL 3852944, at *2 (N.D. Tex. Dec. 19, 2025)("Rule 55 does not operate in the context of applications to confirm arbitration awards; rather, an unanswered application to confirm an arbitration award should be treated as akin to an unopposed motion for summary judgment.")(citation modified), *with White Oak Realty, LLC v. Fortress Group, USA, LLC*, CIVIL ACTION No. 16-2235, 2016 WL 3167714, at *1 (E.D. La. June 7, 2016)(Africk, J.)(granting motion for default judgment in the context of an application to confirm an arbitration award pursuant to 9 U.S.C. § 9).

[66] *Aptim Environmental & Infrastructure, LLC*, 2024 WL 1855004, at *3 (citation modified).

### A. FMGI has satisfied the FAA's prerequisites to confirm an arbitration award.

The Fifth Circuit has expressly held that "resort to AAA arbitration will be deemed both binding and subject to entry of judgment unless the parties expressly agree otherwise."[67] "A district court should enforce an arbitration award as written— to do anything more or less would usurp the tribunal's power to finally resolve disputes and undermine the pro-enforcement policies of the New York Convention."[68] Therefore, "[j]udicial review of arbitration awards is extremely limited. So long as the arbitrator's decision draws its essence from the . . . agreement and the arbitrator is not fashioning his own brand of industrial justice, the award cannot be set aside."[69]

Here, the Subcontract Agreement provides that arbitration shall take place with a "[n]eutral arbitrator in local of project site."[70] Further, the parties agreed to proceed with arbitration with the AAA.[71] Specifically, the parties consented to arbitrate under the AAA's Construction Arbitration Rules and on the condition that "[t]he decision rendered by the arbitrator will be final and can be entered as an enforceable judgment in state or federal court."[72] And nowhere else in the parties' email conversation did they contest—or even raise the issue—that the Award would not be final and enforceable.[73] Thus, because the Fifth Circuit has determined that "resort to AAA arbitration will be deemed both binding and subject to entry of

---

[67] *McKee v. Home Buyers Warranty Corp. II*, 45 F.3d 981, 983 (5th Cir. 1995).
[68] *Wartsila Finland OY v. Duke Capital LLC*, 518 F.3d 287, 292 (5th Cir. 2008) .
[69] *Delta Queen Steamboat Co. v. District 2 Marine Engineers Beneficial Ass'n, AFL-CIO*, 889 F.2d 599, 602 (5th Cir. 1989)(internal quotation marks removed).
[70] R. Doc. 1-1 at pp. 20–21, *Section 24.2.2 of the Subcontract Agreement*; R. Doc. 1-1 at pp. 57–58.
[71] R. Doc. 1-3 at pp. 3–12.
[72] *Id.* at p. 3.
[73] *Id.* at pp. 3–12.

judgment unless the parties expressly agree otherwise[,]"[74] and the parties have not agreed otherwise, the Court finds that the Award is binding upon SLC.

Under 9 U.S.C. § 13, a party seeking to confirm an arbitration award must file: "(a) [t]he agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award[;] (b) [t]he award[;] [and] (c) [e]ach notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application."[75] "'This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment.'"[76]

Here, in support of its Application to Confirm Arbitration Award, FMGI provided the Award, the Joint Statement of Uncontested Facts submitted to the arbitrator, the Subcontract, the email chain demonstrating the parties' consent to arbitrate before the AAA, the notice of arbitration hearing dated May 29, 2024, and the arbitrator's order on the motion to amend the Award dated January 29, 2025.[77] Further, FMGI has provided an Affidavit in Support of Application for Entry of Default of FMGI's application upon SLC and Melancon.[78] Accordingly, FMGI has

---

[74] *McKee*, 45 F.3d at 983.

[75] 9 U.S.C. § 13.

[76] *Teverbaugh v. Lima One Capital, LLC.*, CIVIL ACTION NO. 2:19-mc-159-KS-MTP, 2020 WL 448259, at *2 (S.D. Miss. Jan. 28, 2020)(quoting *Meekins v. Lakeview Loan Servicing, LLC*, No. 3:19-cv-501, 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019)).

[77] R. Docs. 1-1–1-5.

[78] R. Doc. 10–1. The Court finds that service against SLC and Melancon was proper pursuant to 9 U.S.C. § 9. Melancon was not a resident of the Eastern District of Louisiana – the district in which the Award was rendered. Accordingly, FMGI was required to serve SLC and Melancon by U.S. Marshal Service, and it did so. *See* R. Docs. 7 and 8. Therefore, the Court deems service was proper under § 9.

complied with 9 U.S.C. § 13's requirements, and the Court finds the existence of an arbitration agreement.

Moreover, the Court identifies no reason to vacate the Award under Section 10 of the FAA or modify the Award under Section 11 of the FAA.[79] SLC was represented by counsel[80] at the arbitration hearings, submitted "excellent pre-hearing and post-hearing briefs[,]" provided a pre-trial Joint Statement of Uncontested Statement of Facts, and had two witnesses and an expert testify at the arbitration hearings.[81] Additionally, SLC filed a motion to amend the Award, which was denied by the arbitrator on January 29, 2025.[82] Accordingly, not only has there been no objection to the fundamental fairness of the arbitration proceedings, but the Court's own review sees no reason to doubt the fundamental fairness of the arbitration proceedings, as there is no evidence that the Award arose out of any sort of arbitrator's misconduct envisioned by 9 U.S.C. § 10 or error under 9 U.S.C. § 11.

As it pertains to the arbitrator's award of damages, the Court "will sustain an arbitration award as long as the arbitrator's decision 'draws its essence' from the contract—even if [it] disagree[s] with the arbitrator's interpretation of the contract."[83] "Moreover, the arbitrator's selection of a particular remedy is given even more

---

[79] *See Cooper*, 832 F.3d at 544 ("Under the FAA, the court must confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11.")(citation modified).

[80] Robert A. Robertson was counsel for SLC at the arbitration hearings. R. Doc. 1-1 at p. 1.

[81] R. Doc. 1-1 at pp. 1–2.

[82] R. Doc. 1-5.

[83] *Timegate Studios, Inc. v. Southpeak Interactive, L.L.C.*, 713 F.3d 797, 802 (5th Cir. 2013) (quoting *Executone Info. Sys., Inc. v. Davis,* 26 F.3d 1314, 1320 (5th Cir. 1994); *see also United Paperworkers Intern. Union, AFL–CIO v. Misco, Inc.,* 484 U.S. 29, 38 (1987) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.").

deference than his reading of the underlying contract. The remedy lies beyond the arbitrator's jurisdiction only if there is no rational way to explain the remedy handed down by the arbitrator as a logical means of furthering the aims of the contract."[84]

Here, the arbitrator determined that the total damages awarded to FMGI equaled $1,079,383 and awarded FMGI interest on the unpaid award from the date of the Award until paid, accruing at the Prime Interest Rate published in the Wall Street Journal.[85]   Section 24.2.10 of the Subcontract Agreement provided that interest for an unpaid award may be issued at the Prime Interest Rate published in the Wall Street Journal.[86] Moreover, the parties consented to arbitration on the condition that Construction Industry Arbitration Rules were applicable.[87] Such rules "allow an arbitrator to award interest at such rate and from such date as the arbitrator may deem appropriate."[88] Therefore, it is readily apparent that the Award "draws its essence" from the Subcontract, and the Court must appropriately confirm the Award.[89]

### B. FMGI is Entitled to an Entry of Default Judgment, or in the Alternative, Summary Judgment against SLC.

FMGI seeks an entry of a default judgment against SLC and Melancon.[90] The Court first considers whether the initial Entry of Default by the Clerk of Court was

---

[84] *Timegate Studios, Inc.*, 713 F.3d at 803 (citation modified).
[85] R. Doc. 1-1 at p. 10.
[86] *Id.* at p. 21, *Section 24.2.10 of the Subcontract Agreement.*
[87] R. Doc. 1-3 at. 8.
[88] *Carter & Carter Construction LLC*, 2025 WL 3852944, at *3 (citation modified).
[89] *See Glover v. IBP, Inc.*, 334 F.3d 471, 474 (5th Cir. 2003)("When an arbitration agreement gives an arbitrator authority to interpret and apply a contract, the arbitrator's construction of that contract must be enforced so long as it is rationally inferable from the letter or purpose of the underlying agreement.")(citation modified).
[90] R. Doc. 17.

appropriate.[91]    FMGI has shown by affidavit[92] that SLC was served with FMGI's
Application to Confirm Arbitration Award[93] via personal service on its registered
agent on July 17, 2025[94] and Melancon was personally served with FMGI's
Application to Confirm Arbitration Award on July 17, 2025.[95] Pursuant to Fed. R.
Civ. P. 12, SLC and Melancon had twenty-one days to file responsive pleadings to
Plaintiffs' Application to Confirm Arbitration Award.[96]    SLC and Melancon did not
make any appearance in this Court, and the record clearly demonstrates that SLC
and Melancon have "failed to plead or otherwise defend."[97]    Well past the 21-day
deadline to file responsive pleadings, FMGI moved for Entry of Defaults against SLC
and Melancon,[98] which the Clerk of Court properly entered on September 4, 2025.[99]
Therefore, the Court finds that the Entry of Defaults against SLC and Melancon were
proper.[100] Those Entry of Defaults, too, were mailed to both South LA Contractors,
LLC at 120 E. Gloria Switch Road in Lafayette, Louisiana and to Bradford James
Melancon at 632 Kilchrist Road in Carencro, Louisiana.[101]

The Court next considers whether FMGI is entitled to default judgment.  A
court may only enter a default judgment if the well-pleaded factual allegations in the

---

[91] R. Doc. 12.
[92] R. Doc. 10-1.
[93] R. Doc. 1.
[94] R. Doc. 7.
[95] R. Doc. 8.
[96] Fed. R. Civ. P. 12(a).
[97] Fed. R. Civ. P. 55(a).
[98] R. Doc. 10.
[99] R. Doc. 12.
[100] *Id.*
[101] *See* R. Doc. 12, *Notice of Receipt.* The address for Mr. Melancon is the same address as on the Louisiana Secretary of State documents, including Mr. Melancon's Affidavit to Dissolve Limited Liability Company. *See* R. Doc. 1-6.

pleadings, which the court accepts as true, provide a "sufficient basis" for a default judgment. FMGI argues that it is entitled to judgment on the Award arising out of the Subcontract Agreement.[102] The Court, having previously established that jurisdiction, venue, and the FAA substantive elements are satisfied, finds that FMGI would succeed on the merits, thereby providing a "sufficient basis" for a default judgment against SLC.[103]

Additionally, analyzing the matter under an unopposed motion for summary judgment standard, the Court finds that FMGI has demonstrated the absence of a genuine issue of material fact. As established above, FMGI has satisfied the substantive elements to confirm an arbitration award under the FAA. FMGI has provided the Award, the Joint Statement of Uncontested Facts submitted to the arbitrator, the Subcontract, the email chain demonstrating the parties' consent to arbitrate before the AAA, the notice of arbitration hearing dated May 29, 2024, the arbitrator's order on the motion to amend the Award dated January 29, 2025.[104] Thus, accepting FMGI's evidence as undisputed,[105] the Court determines that FMGI is entitled to summary against SLC, as it has demonstrated an absence of a genuine issue of material fact.

---

[102] R. Doc. 17.
[103] The Court deems it inappropriate to render a default judgment against Melancon, as he was not a party to the arbitration proceedings. However, such determination does not absolve Melancon of personal liability of SLC's debts as the sole member of the limited liability company. *See infra* Part.III.C.
[104] R. Docs. 1-1–1-5.
[105] *Hughes*, 2023 WL 8557583, at *2 (citing *Morgan*, 114 F.Supp. 3d at 437).

### C. Melancon is Personally Liable for the Award as the Sole Member of SLC.

Because SLC was dissolved by affidavit on March 6, 2025, after the Award, the Court must resolve who is liable for the Award under Louisiana law.[106] On January 6, 2025, Bradford Melancon specifically filed an Affidavit to Dissolve Limited Liability Company, South La Contractors, LLC, pursuant to La. R.S. § 12:1335.1.[107] In the Affidavit to Dissolve Limited Liability Company, Mr. Melancon attested that SLC "is no longer doing business, owes no debts and owns no immovable property[.]"[108] Melancon further attested to the fact that he is the sole member of SLC.[109] La. R.S. § 12:1335.1(A) provides:

> In addition to all other methods of dissolution, if a limited liability company is no longer doing business, *owes no debts*, and owns no immovable property, it may be dissolved by filing an affidavit with the secretary of state executed by the members or by the organizer, if no membership interests have been issued, attesting to such facts and requesting that the limited liability company be dissolved. Thereafter, the members, or the organizer if no membership interests have been issued, *shall be personally liable for any debts or other claims against the limited liability company* in proportion to their ownership interest in the company. The secretary of state may prescribe and furnish forms for filing the affidavit.[110]

The Award was issued on December 20, 2024,[111] and the arbitrator denied SLC's motion to amend the Award on January 29, 2025.[112] Thus, the Award – a debt of SLC – had been issued when Melancon filed the affidavit on March 6, 2025.[113] The plain

---

[106] R. Doc. 1-6 at p. 8; *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[107] R. Doc. 1-6 at p. 8.
[108] *Id.*
[109] *Id.*
[110] La. R.S. § 12: 1335.1(A)(emphasis added).
[111] R. Doc. 1 at p. 3.
[112] R. Doc. 1-5.
[113] R. Doc. 1-6 at p. 8.

language of the statute is clear that a member shall be personally liable for any debts of the limited liability company in proportion to their ownership interest exigible at the time of dissolution.[114] Melancon is the sole member of SLC, thereby making him personally liable for the entirety of the Award.[115] To allow otherwise would allow the members of a limited liability company to "walk away" from any debit simply by filing an affidavit to dissolve. Such a result flies in the face of the fair administration of justice. And as a final matter, the record does not indicate that Melancon underwent any of the procedures set forth in La. R.S. § 12:1338,[116] which, if followed, would have potentially limited his liability for the Award.[117] Accordingly, Melancon is personally liable for the entirety of the Award entered against SLC.

---

[114] *See Soriano v. Gulf Coast Lift, LLC*, Civil Action No. 12–2744., 2014 WL 949145, at *7 (E.D. La. Mar. 11, 2014)(Vance, J.)("A shareholder can in fact be liable for the debts of a limited liability company, if it is dissolved by affidavit.")(citing La. R.S. § 12: 1335.1)(emphasis removed).

[115] *See Brumberger v. Cvitanovich*, 13-801 (La.App. 5 Cir. 4/9/14), 140 So. 3d 118, 119 (explaining that, under § 12:1335.1, an LLC's dissolution makes its members personally liable "for the debts of or claims against the limited liability company proportionate to each member's ownership interest[]").

[116] *See* La. R.S. § 12:1338.

[117] La. R.S. § 12:1341 provides as follows:

> **A.** A member of a dissolved limited liability company, which has followed the procedures set forth in R.S. 12:1338, shall not be liable for any claim against the limited liability company in an amount in excess of such member's pro rata share of the claim or the amount so distributed to him, whichever is less.
>
> **B.** A member of a dissolved limited liability company, which has followed the procedures set forth in R.S. 12:1338, shall not be liable for any claim against the limited liability company on which an action, suit, or proceeding has not begun prior to the expiration of the periods described in R.S. 12:1338(C) and (D).
>
> **C.** The aggregate liability of any member of a dissolved limited liability company for claims against the dissolved limited liability company shall not exceed the amount distributed to him in dissolution.

La. R.S. §§ 12:1341(A)-(C).

## IV.    CONCLUSION

For the above reasons,

**IT IS HEREBY ORDERED** that the Motion for Default Judgment[118] is **GRANTED** against SLC.[119]

**IT IS FURTHER ORDERED** that the Arbitration Award against SLC is **CONFIRMED.**

**IT IS FURTHER ORDERED** that FMGI has **two weeks** from the date of this Order and Reasons to file into the record a proposed judgment commensurate with this Order and Reasons.

New Orleans, Louisiana, March 9, 2026.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[118] R. Doc. 17
[119] As explained above, the Court does not enter a default judgment against Melancon but finds that he is personally liable for the entirety of the Award issued against SLC.

22